FILED

2005 MAR -8  A 10: 48

U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANE DOE II | : CIVIL ACTION |
| | : 3: 01-CV-1026 (AHN) |
| V. | : |
| CITY OF HARTFORD, ET AL. | : MARCH 7, 2005 |

**MOTION FOR POSTPONING MOTION FOR RECONSIDERATION
IN ORDER FOR THE PLAINTIFF TO SEEK FURTHER DISCOVERY**

The plaintiff by and through her undersigned attorney hereby moves pursuant to Rule 56 (f) of the Federal Rules of Civil Procedure, for an order of the court granting this Motion For Postponing Motion for Reconsideration to allow the plaintiff to seek further discovery. As grounds for this Motion, the plaintiff will respectfully show that she intends to take a limited number of depositions which relate to new issues and cases raised by the plaintiff in their Motion for Reconsideration. In this case, the court granted the defendant's Motion for Summary Judgment in part and denied it in part dismissing all defendants except defendants' Croughwell, Jesus Rivera, Salvatore Abbatiello and the City of Hartford. Defendants' Croughwell and the City of Hartford filed their Motion for Reconsideration, in view of the additional authorities and theories presented by the

WESLEY S. SPEARS, ESQ.
ATTORNEY AND COUNSELOR AT LAW
53 RUSS STREET • HARTFORD, CT 06106 • (860) 724-0505 • FAX (860) 249-1533 • JURIS NO. 305297

defendants, plaintiff requests permission to take limited number of additional depositions in order to assist the court in rendering a legally and factually accurate decision.

The plaintiff, requests permission to take the deposition of the following individuals, Joseph Croughwell, Former Inspector, Michael Dillulo, James Glasser, Chief of the Criminal Division, of the Office of the U.S. Attorney, Lisa Tuttie, FBI agent, Former U.S. Attorney Stephen Robinson, Sergeant John Betz of the Hartford Police Department.

The testimony of Joseph Croughwell, will be used to rebut his claim that he turned over the investigation of the Hartford police officers to a Joint Task Force comprised of members of the Chief State's Attorneys Office, U.S. Attorney's Office, and the FBI and, therefore, would preclude Summary Judgment. Particularly, the plaintiff intends to show that the Joint Task Force did not begin work until after the subject sexual assault in late November or early December of 1998. Specifically, although the Chief

2

Croughwell may have contacted the U.S. Attorney Office sometime after being advised of the history of sexual assault against prostitutes, no active investigation began until December of 1998, after the subject sexual assault.

The testimony of Assistant United States Attorney, James Glasser is necessary because he was the prosecutor who prosecuted Salvatore Gallo and either prosecuted or supervised the prosecution of Officers, Jesus Rivera, Michael Basile and Salvatore Abbatiello. Attorney Glasser testimony will establish that the pattern of sexual assaults against prostitutes in the City of Hartford by police officers was sufficiently widespread to amount to a pattern or custom of behavior within the Hartford Police Department. Attorney James Glasser, would also be able to testify regarding the scope of the grand jury investigation, when it began and when it ended.

The testimony of Michael Dillulo is necessary because he was a lead investigator for the Chief State's Attorney assigned to the Joint Task Force who interviewed the defendant and other alleged prostitutes. He would be able to testify that he was not assigned to supervise or discipline City of Hartford police officers and that he interviewed

3

a number of prostitutes who indicated that they had been subjected to a pattern of sexual abuse by Hartford Police Department under the watch of Defendant, Chief of Police, Joseph Croughwell, over a period of years which would be sufficient to overcome defendants Motion for Reconsideration. In addition, Inspector Dillulo would be able to testify that the Joint Task Force did not begin its investigation until after the subject sexual assault of the plaintiff.

    The testimony of Lisa Tuttie, is necessary because she was lead agent for the FBI assigned to the Joint Task Force who interviewed the defendant and other alleged prostitutes. Ms. Tuttie would be able to testify regarding what her assignment was and whether she or members of the Joint Task Force were assigned to discipline and/or supervise officers of the Hartford Police Department. In addition, Agent Tuttie was involved in interviewing a number of alleged prostitutes who indicate that they have been exposed to pattern of discrimination over a number of years which would establish a pattern or custom of illegal behavior by Hartford police officer. Agent Tuttie would also be able to establish when the investigation began and when it ended.

4

John Betz, the testimony of John Betz, is necessary because he was lead agent for the Hartford Police Department assigned to the Joint Task Force who interviewed the defendant and other alleged prostitutes. Sergeant Betz would be able to testify regarding what his assignment was and whether he or members of the Joint Task Force were assigned to discipline and/or supervise officers of the Hartford Police Department. In addition, Sergeant Betz was involved in interviewing a number of alleged prostitutes who indicate that they have been exposed to pattern of discrimination over a number of years which would be sufficient to establish a pattern or custom of illegal behavior by Hartford police officers. Sergeant Betz would also be able to establish when the investigation began and when it ended.

The depositions requested are necessary to respond to issues which have been raised by Defendant's Motion For Reconsideration and were not considered necessary to respond to defendant's Motion for Summary Judgment.

The depositions were not taken earlier due to plaintiff's limited resources. Counsel for the plaintiff knowing the difficulty of 1983 cases requires his clients to pay

5

costs. The plaintiff has been employed in a higher paying job and can now afford the costs of the subject depositions. In addition, counsel for the plaintiff did not believe that the subject depositions were necessary until after the defendant's Motion For Reconsideration. The defendants, City of Hartford and Joseph Croughwell object to the granting of this Motion.

      WHEREFORE, the plaintiff requests that the subject Motion be granted.

PLAINTIFF, JANE DOE II

By: *Wesley S. Spears* (signature)
Wesley S. Spears
53 Russ Street
Hartford, CT 06106
Tel.: (860) 724-0505
Fax.: (860) 249-1533
Federal Bar # CT 01516

WESLEY S. SPEARS, ESQ.
ATTORNEY AND COUNSELOR AT LAW
53 RUSS STREET • HARTFORD, CT 06106 • (860) 724-0505 • FAX (860) 249-1533 • JURIS NO. 305297

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed postage prepaid on the 7th day of March, 2005 to:

James Szerejko
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

_____
Wesley S. Spears

7

## **AFFIDAVIT OF WESLEY S. SPEARS**

I, Wesley S. Spears, being duly sworn deposes and says as follows:

1. I am the attorney for the plaintiff in the above referenced matter.

2. I have personal knowledge of the facts alleged in this affidavit.

3. I have personal knowledge of the status of discovery and pleadings in this matter.

4. Counsel for the plaintiff believed at the time of the filing of defendant's Motion for Summary Judgment that sufficient discovery had been conducted to withstand a Motion for Summary Judgment and the court agreed.

5. The requested depositions were not taken previously because although the plaintiff intended to call the subject witnesses at trial she did not feel their deposition testimony was necessary in order to overcome Defendant's Motion for Summary Judgment.

6. Based on the new authorities and arguments or defendant, in their Motion for Reconsideration the plaintiff believes the requested depositions are necessary in order for the plaintiff to more fully respond to defendant's Motion for Reconsideration.

WESLEY S. SPEARS, ESQ.
ATTORNEY AND COUNSELOR AT LAW
53 RUSS STREET • HARTFORD, CT 06106 • (860) 724-0505 • FAX (860) 249-1533 • JURIS No. 305297

7. Counsel for the plaintiff is now available to begin taking the requested depositions since the trial discussed at the status conference was recently resolved.

8. Plaintiff believes that with the defendant's cooperation the requested depositions could be completed in a reasonably short period of time.

9. Plaintiff's counsel's policy is to require the plaintiff to pay costs and fees in advance.

10. Until recently, the defendant did not have sufficient funds to pay the costs of the subject depositions.

11. Plaintiff now has income sufficient to pay the costs of the subject depositions.

_____
Wesley S. Spears
Counsel for the Plaintiff

Subscribed and sworn to before me on this 7 day of March, 2005.

_____
Notary/Commissioner
of Superior Court