IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE II | : | CIVIL ACTION |
| | : | 3:01-CV-1026 (AHN) |
| V. | : | |
| CITY OF HARTFORD, ET AL | : | MARCH 11, 2005 |

### CITY OF HARTFORD'S AND CHIEF JOSEPH CROUGHWELL'S MEMORANDUM OF LAW IN OPPOSITION TO THE PLAINTIFF'S MOTION TO POSTPONE THE MOTION FOR RECONSIDERATION IN ORDER TO SEEK FURTHER DISCOVERY

The co-defendants, the City of Hartford and Chief Joseph Croughwell, submit this memorandum of law in opposition to the plaintiff's "Motion for Postponing Motion for Reconsideration in Order for the Plaintiff to Seek Further Discovery" dated March 7, 2005. For the reasons set forth below, the Court should deny the plaintiff's motion.

### BACKGROUND

**I.    PROCEDURAL HISTORY**

This action was commenced by the filing of a Complaint on June 5, 2001. (Electronic Docket Entry No. 1)  By an endorsement order entered on March 12, 2003, the Court set March 14, 2003 as the discovery deadline. (Electronic Docket, at p. 9)  On May 7, 2003, Hartford, Chief Croughwell and seven other co-defendants filed a motion for summary judgment. (Electronic Docket Entry No. 45)  On September 3, 2003, approximately 116 days later and after multiple extensions of time, the plaintiff filed a memorandum of law in opposition to the motion. (Id. No. 54)  That opposition did not include a request under Rule 56(f) of the Federal Rules of Civil Procedure for leave to take additional discovery. (Id.)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

On September 12, 2003, Hartford, Chief Croughwell and the other moving defendants filed a motion to strike the plaintiff's and Yolanda Santiago's affidavits submitted in connection with the plaintiff's opposition to the motion for summary judgment. (Id. No. 55) The plaintiff did not file an opposition to the motion to strike and the Court granted the motion by an endorsement order filed on October 16, 2003. (Electronic Docket Entry No. 61) The affidavits at issue were, thereby, appropriately stricken from the record.

The Court held a hearing on the motion for summary judgment on January 28, 2004. (Id. No. 65) It issued a ruling granting the motion in part and denying it in part on January 26, 2005 ("January 26 Ruling"). (Id. No. 67)

Hartford and Chief Croughwell filed a motion for reconsideration of the January 26 Ruling on February 7, 2005. (Electronic Docket Entry No. 69) On February 18, 2005, the Court held a status conference in the case. (Id. No. 70) During that conference, the Court granted the plaintiff's request for an additional 30 days to respond to the motion for reconsideration and ordered that the plaintiff file her opposition on or before April 1, 2005. (Electronic Docket, at p. 12) The plaintiff's Rule 56(f) motion followed.

## II.     THE PLAINTIFF'S ARGUMENTS

By her motion, the plaintiff requests "permission to take [a] limited number of additional depositions in order to assist the court in rendering a legally and factually accurate decision." (Pl.'s Motion, at 2) Specifically, she seeks permission to take the depositions of: Chief Croughwell, former inspector, Michael Dillulo, Assistant United States Attorney James Glasser, Chief of the Criminal Division, Lisa Tuttie, a Special Agent with the Federal Bureau of Investigation, the Honorable Stephen Robinson, former United States Attorney for the District of

2

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Connecticut and currently a United States District Judge, and Sergeant John Betz of the Hartford Police Department ("HPD").

As justification for her motion, the plaintiff maintains that the depositions are now necessary to respond to (unidentified) theories and case law which have been raised by the defendant's motion for reconsideration. (Id. at 5)  The plaintiff concedes that the depositions were not considered necessary earlier to respond to defendant's motion for summary judgment. (Id.) Specifically, she maintains:

> [that t]he depositions were not taken earlier due to plaintiff's limited resources.  Counsel for the plaintiff knowing the difficulty of 1983 cases requires his clients to pay costs.  The plaintiff has been employed in a higher paying job and can now afford the costs of the subject depositions.  In addition, counsel for the plaintiff did not believe that the subject depositions were necessary until after the defendant's Motion For Reconsideration.

(Pl.'s Motion, at 5-6)

It is apparent that the plaintiff now provides several competing or contradictory explanations for her failure to undertake discovery herein in a timely manner.  Her present justifications to engage in further discovery fail to meet the criteria of Rule 56(f), as interpreted by the Second Circuit.

## ARGUMENT

### I.     THE PLAINTIFF'S MOTION IS WITHOUT MERIT

#### A.     Rule 56(f) Does Not Apply To A Motion For Reconsideration

The plaintiff's motion is without merit and should be denied.  The plaintiff cites no authority which allows a party to supplement the record with new evidence in connection with a motion for reconsideration.  The plaintiff ignores the fact that Hartford and Chief Croughwell

3



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

have moved under Rule 59 of the Federal Rules of Civil Procedure and Local Rule 7(c).  Rule 56(f) of the Federal Rules of Civil Procedure does not apply to a motion for reconsideration.  Thus, the plaintiff's reliance on Rule 56(f) is misplaced.

Rule 56(f) does not apply to a motion for reconsideration.  "A Rule 56(f) motion must be brought *before* the summary judgment hearing."  United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002) (emphasis added).  See Ashton-Tate Corp. v. Ross, 916 F.2d 516, 520 (9th Cir. 1990) ("implication and logic require that a Rule 56(f) motion be made prior to the summary judgment hearing."); Nestle Co. v. Chester's Market, Inc., 571 F.Supp. 763, 773 (D. Conn. 1983) (Blumenfeld, J.) (refusing to consider plaintiff's affidavits filed one month after oral argument on motion for summary judgment and recognizing that "[t]o do otherwise would be bending even the liberal Federal Rules so out of shape as to have no meaning."); vacated on other grounds, 756 F.2d 280 (2d Cir. 1985).  As the Ninth Circuit recognized in Ashton-Tate, allowing a Rule 56(f) motion to be made after the hearing on the motion for summary judgment is inappropriate because "the process of evaluating a summary judgment motion would be flouted if requests for more time, discovery, or the introduction of supplemental affidavits had to be considered even if requested well after the deadline set for introduction of all information needed to make a ruling has passed."  916 F.2d at 520.  There must be finality to the summary judgment process.

In the instant case, a hearing on the motion for summary judgment was held on January 28, 2004.  (Electronic Docket Entry No. 65)  As part of her opposition, the plaintiff never claimed that further discovery was needed to oppose the summary judgment motion, let alone file a Rule 56(f) motion.  Nor did she claim that discovery was needed at any time in the

4

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

approximately one year following the hearing on summary judgment. In fact, the plaintiff's motion concedes that additional discovery was not taken during the more than one year and nine months that elapsed between the filing of the complaint and the end of the discovery period, because the plaintiff's counsel required that she pay for costs. (Pl.'s Motion, at 6) Moreover, the plaintiff's counsel "did not believe" that additional discovery was necessary. (Id.)

Having failed to file a Rule 56(f) motion prior to the January 28, 2004 hearing, the plaintiff cannot do so now in connection with her opposition to the motion for reconsideration. Accordingly, the Court should deny her motion.

> B. **The Content of Hartford's And Chief Croughwell's Motion For Reconsideration Does Not Justify The Granting Of The Plaintiff's Rule 56(f) Motion**

In support of her motion, the plaintiff maintains that a "limited" number of depositions are now necessary because of the "additional authorities and theories" presented in Hartford's and Chief Croughwell's motion for reconsideration." (Pl.'s Motion at 1) The plaintiff's claim is no more than a conclusory statement. She never identifies the so-called new theories contained in the motion for reconsideration. As the Court is aware from its review of the motion for reconsideration, the motion does not present new theories. Rather, it discusses in detail, the governing case law that was overlooked in the January 26 Ruling. Moreover, the motion for reconsideration analyzes in detail the evidence submitted by Hartford and Chief Croughwell in support of their motion for summary judgment.

In fact, the motion for reconsideration identifies for the Court where various arguments were made in the initial motion for summary judgment. For example, the motion identifies for the Court the fact that although Chief Croughwell sought summary judgment under the doctrine

5

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

of qualified immunity, the January 26 Ruling did not address that argument. As another example, the motion discusses in detail the Second Circuit's decision in Poe v. Leonard, 282 F.3d 123 (2d Cir. 2002), which was cited in the initial motion for summary judgment, but overlooked by the January 26 Ruling. (Hartford's and Chief Croughwell's 2/7/05 Mem. of Law at 6 n.2 (identifying pages in May 6, 2003 memorandum of law where Poe was cited and discussed))

The motion for reconsideration also discusses decisions by the Second Circuit and the District of Connecticut which were issued after the briefing of the initial motion for summary judgment, but which were not considered in the January 26 Ruling. (2/7/05 Mem. of Law, at 8) In particular, with regard to Hartford, the motion for reconsideration discusses in detail the Supreme Court and Second Circuit case law which governs municipal liability. (2/7/05 Mem. of Law, at 22-35) The motion also responds to the analysis in the January 26 Ruling, which allowed that potential criticism of Chief Croughwell's response to the underlying allegations, could be a basis for municipal and/or supervisory liability. (2/7/05 Mem. of Law, at 13-17) Thus, Hartford's and Chief Croughwell's motion for reconsideration is proper under the standard governing such motions and does not provide a basis for granting the plaintiff's motion.

## II. THE PLAINTIFF'S MOTION FAILS TO SATISFY THE STANDARD GOVERNING A RULE 56(f) MOTION

Even assuming, for the sake of argument, that the Court considers the substance of the plaintiff's motion, the motion should be denied under the standard governing Rule 56(f) motions. Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition,

6

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

> the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Thus, by its very terms, the rule does not apply to a motion for reconsideration.

The Second Circuit has developed a four-part test for district courts to use when ruling on a party's request for discovery under Rule 56(f). Gualandi v. Adams, 385 F.3d 236, 244-45 (2d Cir. 2004); Gurary v. Winehouse, 190 F.3d 37, 43 (2d Cir. 1999). Specifically,

> A party resisting summary judgment on the ground that it needs discovery in order to defeat the motion must submit an affidavit showing (1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.

Gurary, 190 F.3d at 43. See Burt v. Rumsfeld, 2005 WL 273205, at *4 (D. Conn. Jan. 31, 2005).

In the instant case, a review of the plaintiff's motion and her counsel's affidavit which accompanies it reveals that the motion fails to satisfy the standard governing Rule 56(f)'s motions. In particular, with regard to the testimony sought from Judge Robinson, AUSA Glasser, Inspector Dillulo, Special Agent Tuttie, and Sergeant Betz, the plaintiff has failed to identify how their testimony (the substance of which has not been confirmed) will raise genuine issues of material fact in connection with the issues outlined in the motion for reconsideration. For example, the plaintiff ignores the fact that with regard to interviews by Dillulo, Tuttie and Betz of alleged, the testimony would be inadmissible hearsay. Eisenstadt v. Central Corp., 113 F.3d 738, 742 (7th Cir. 1997); Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 924 (2d Cir. 1985); Schwimmer v. Sony Corp., 637 F.2d 41, 45 n.9 (2d Cir. 1980) (hearsay is a "nullity" in the context of a motion for summary judgment). Moreover, she fails to

7

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

explain how alleged injuries to individuals supports either municipal liability under <u>Monell v. New York City Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978) or supervisory liability.

With regard to testimony that the plaintiff hopes to elicit from Glasser, Dillulo, Tuttie and Betz regarding the disciplining and/or supervising of officers of the Hartford Police Department, the plaintiff completely fails to explain how it is relevant to municipal or supervisory liability. Moreover, she is unable to confirm how these individuals will actually testify. (Pl.'s Motion, at 4 ("Tuttie would be able to testify regarding what her assignment was and ***whether*** she or members of the Joint Task Force were assigned to discipline and/or supervise officers of the Hartford Police Department.")) (Emphasis added); <u>id.</u> at 5 (Betz would be able to testify "***whether*** he or members of the Joint Task Force were assigned to discipline and/or supervise"). (Emphasis added).

The plaintiff's motion also fails to satisfy the third and fourth parts of the test governing Rule 56(f) motions. Her motion concedes that no efforts were made to obtain this discovery prior to the close of discovery in March of 2003. (Pl.'s Motion, at 5-6) Rather, she concedes that a strategic decision was made not to take depositions because her counsel required that she pay the costs in advance. (<u>Id.</u>, at 5-6) Moreover, she concedes that her counsel "did not believe" that the depositions were necessary in connection with opposing the motion for summary judgment. It is well established that a movant under Rule 56(f) "cannot complain if [she] fails diligently to pursue discovery before summary judgment." <u>Mackey v. Pioneer Nat'l Bank</u>, 867 F.2d 520, 524 (9th Cir. 1989); <u>Brae Transportation, Inc. v. Coopers & Lybrand</u>, 790 F.2d 1439, 1443 (9th Cir. 1986). The plaintiff in the case at bar cannot circumvent that well-established rule

8

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

by a conclusory statement that the motion for reconsideration raises unidentified, additional arguments.

The plaintiff's motion is particularly inappropriate with regard to the proposed depositions of Chief Croughwell and Judge Robinson. With regard to Chief Croughwell, the plaintiff wants an opportunity to engage in a full-scale discovery deposition. In particular, she maintains that by the deposition of Chief Croughwell she "intends to show that the Joint Task Force did not begin work until after the subject sexual assault in late November or early December of 1998." (Pl.'s Motion, at 2) The plaintiff does not indicate how, even assuming that such testimony was elicited, it would create a genuine issue of material fact in connection with relevant analysis under the issues identified in the motion for reconsideration. In sum, the plaintiff's request with regard to Chief Croughwell, like the other potential witnesses, is based upon a misunderstanding of the law governing municipal and supervisory liability.

As noted above, with regard to Judge Robinson, the plaintiff does not identify what testimony she intends to seek from him, let alone how it would create a genuine issue of material fact or how she has satisfied the four-part criteria established by the Second Circuit.

Thus, even if the court considers the merits of the plaintiff's motion, the motion should be denied under the standard governing Rule 56(f) motions.

### III. THE PLAINTIFF'S MOTION IS A DILATORY TACTIC AND SHOULD BE DENIED

Contrary to the statements in the plaintiff's motion, there is nothing "limited" about the discovery she seeks leave to undertake. Nearly two years after discovery closed in this case, the plaintiff is seeking leave to reopen discovery and engage in extensive depositions of six individuals, all of whom were known to the plaintiff prior to the close of discovery. By her

9

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

motion she concedes that her counsel made a decision not to take the depositions now requested and seeks to take those depositions because the plaintiff can now afford them. (Pl.'s Motion, at 5-6) The plaintiff's request is an inappropriate litigation tactic and should be rejected as such.

By her motion, the plaintiff fails to identify how long this new discovery period should last. Moreover, she fails to consider the defendants' rights to engage in additional discovery in response to this new phase of discovery. She also fails to acknowledge that at least two of the depositions proposed, that of Chief Croughwell and now-Judge Robinson, would be out-of-state depositions. She further fails to indicate whether she is willing to pay for the expenses for Chief Croughwell to return to Connecticut or for his attorneys to travel to his new home to defend him in a deposition. Nor has she given any information with regard to the deposition of Judge Robinson. Similarly, the plaintiff has failed to inform the Court whether the Department of Justice will even allow AUSA Glasser and/or Special Agent Tuttie to testify.

At the February 18, 2005 status conference, the Court gave the plaintiff a 30-day extension of time to file her opposition to the motion for reconsideration. Instead of raising the issue of additional depositions and reopening discovery with the Court at that time, the plaintiff waited 17 days to file the instant motion and did not discuss same with defendants' counsel prior to filing it. As demonstrated above, the plaintiff's motion is without merit and inappropriate. Accordingly, the Court should deny the motion and direct the plaintiff to file her opposition, if any, on or before April 1, 2005.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CONCLUSION

For the foregoing reasons, the Court should deny the plaintiff's motion and direct her to file her opposition, if any, to the pending motion for reconsideration on or before April 1, 2005, as agreed at the status conference of February 18, 2005.

                                Respectfully submitted,

                                **CO-DEFENDANTS**
                                **CITY OF HARTFORD AND**
                                **CHIEF JOSEPH CROUGHWELL**

By: _____
     James J. Szerejko, Esq.
     CT Fed. Bar No. 04326
     **HALLORAN & SAGE LLP**
     One Goodwin Square
     225 Asylum Street
     Hartford, CT  06103
     Tel:  (860) 522-6103
     Fax: (860) 548-0006
     E-mail:  szerejko@halloran-sage.com

     Their Attorney

## CERTIFICATION

This is to certify that on this 11th day of March, 2005, the foregoing was caused to be served via U.S. Mail, postpaid, to:

Wesley S. Spears, Esq.
53 Russ St.
Hartford, CT  06106

                                _____
                                James J. Szerejko

661918_1.DOC

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105