UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE II, | : | CIVIL NO. 3:01cv1026 (AHN) |
| Plaintiff, | : | |
| v. | : | |
| CITY OF HARTFORD, ET AL | : | |
| Defendants. | : | |

RULING ON PLAINTIFF'S MOTION FOR FURTHER DISCOVERY

Pending before the court is the plaintiff's motion to postpone the court's ruling on the defendants' motion for reconsideration and for further discovery pursuant to Fed. R. Civ. P. 56(f). For the reasons discussed below, the plaintiff's motion is denied.

In bringing her motion, plaintiff asserts that she intends to take a limited number of depositions. Specifically, the plaintiff seeks to depose Chief Croughwell, former inspector; Michael Dillulo, investigator for the Chief State's Attorney; Assistant United States Attorney James Glasser, Chief of the Criminal Division; Lisa Tuttie, FBI agent; Stephen Robinson, former United States Attorney for the District of Connecticut; and Sergeant John Betz of the Hartford Police Department. The plaintiff claims that these depositions are necessary in light of additional authorities and theories presented by the defendants in their Motion for Reconsideration.

As a preliminary matter, the court is not aware of any new

theories presented by the defendants in their motion for reconsideration.  Additionally, the court notes that a motion to take further discovery pursuant to Fed. R. Civ. P. 56(f) is inapplicable in the context of a motion for reconsideration; "[a] Rule 56(f) motion must be brought before the summary judgment hearing."  <u>United States v. Kitsap Physicians Serv.</u>, 314 F.3d 995, 1000 (9th Cir. 2002).  In this case, the summary judgment hearing took place on January 28, 2004.  At that time, the plaintiff never indicated that further discovery was necessary.

Even if the plaintiff's motion were appropriate under Rule 56(f), the plaintiff nevertheless fails to satisfy the standards governing a Rule 56(f) motion.  Rule 56(f) requires the opponent of a motion for summary judgment who seeks discovery to file an affidavit explaining: (1) the information sought and how it is to be obtained; (2) how a genuine issue of material fact will be raised by that information; (3) what efforts the affiant has made to obtain the information; and (4) why those efforts were unsuccessful.  <u>See</u> <u>Sage Realty Corp. v. Ins. Co. of North America</u>, 34 F.3d 124, 128 (2d Cir. 1994); <u>see also</u> <u>Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.</u>, 769 F.2d 919, 926 (2d Cir. 1985). "Additionally, the discovery sought must be material to the opposition of the summary judgment motion."  <u>Sage Realty</u>, 34 F.3d at 128.  The movant must establish that the material sought is germane to the defense and is neither cumulative nor speculative.  <u>See</u> <u>Paddington Partners v. Bouchard</u>,

34 F.3d 1132, 1138 (2d Cir.1994).

The plaintiff has not shown that the testimony of any of the individuals she seeks to depose would create a genuine issue of material fact in connection with the issues set forth in the defendants' motion for reconsideration.  Moreover, even if the plaintiff had satisfied this part of the test governing Rule 56(f) motions, the plaintiff has failed under the third and forth parts of the test.  The plaintiff concedes in her motion that she made no efforts to obtain this discovery prior to the close of discovery because her counsel did not believe it was necessary and that her failure to seek this discovery was a conscious, tactical decision to keep down costs.  While the plaintiff now claims that the depositions are necessary in light of additional theories and authorities set forth in the defendants' motion for reconsideration, she fails to identify these purported theories or authorities and how the testimony sought is relevant to them.

For the foregoing reasons, the plaintiff's Motion For Postponing Motion For Reconsideration In Order For The Plaintiff To Seek Further Discovery [doc. #71] is DENIED.

SO ORDERED this 16th day of March, 2005, at Bridgeport, Connecticut.

_____/s/_____
Alan H. Nevas
United States District Judge